151 So. 643

Succession of RAPHAEL.

No. 32431.

Nov. 27, 1933.

See, also, 175 La. 715, 144 So. 429.

Habans & Coleman, A. I. Kleinfeldt, Louise Louque Burton, and Gus Levy, all of New Orleans, for appellants Emile Manuel and others.

Emmerson Bentley and Joseph A. Casey, both of New Orleans, for appellee Stella Raphael.

OVERTON, Justice.

This is an appeal from a judgment sustaining a plea of res judicata. The facts involved are as follows, to wit:

On January 28, 1929, the civil district court for the parish of Orleans rendered a judgment upon the petition of Stella Raphael, appointing her administratrix of the succession of Louise Raphael, and signed the judgment on February 1, 1929. Stella Raphael's claim to the administration of the succession rested on the allegation that she was a sister of the deceased and one of her heirs.

Emile Manuel and six others, representing themselves to be the nearest living relatives of the deceased, and as being her heirs, opposed the application of Stella Raphael on the grounds that an administration was not necessary, and, if it were, that Stella Raphael was not the legitimate sister of Louise Ra-

phael and was not entitled to the administration, but that one of the opponents, Emile Manuel, was entitled to it.

There was judgment on the foregoing pleadings, dismissing the opposition and appointing Stella Raphael administratrix. The judgment went no further than here stated, nor did the pleadings call for any further decree.

On January 31, 1930, the opponents to the application of Stella Raphael for appointment as administratrix brought a suit to annul the judgment, appointing her. This suit was brought upon the ground that the judgment of appointment was procured by the production of false evidence by Stella Raphael, and that Stella testified that she was the half-sister of the deceased, when she was not legitimately related to her. The prayer of the petition, in addition to the prayer to annul the judgment, making the appointment, is that petitioners be declared to be the sole and only heirs of Louise Raphael, deceased.

There was judgment below on this petition, which, after reciting the demand of the plaintiffs therein, as above set forth, rejects it. This judgment was brought to this court by appeal, and was here affirmed. 175 La. 715, 144 So. 429.

Thereafter, namely, on January 13, 1933, the opponents to the appointment of the administratrix filed another suit, the purpose of which is to have themselves decreed to be the sole heirs of the deceased and placed upon the account of the administratrix as such. The suit is brought against Stella Raphael and several others, who, it is alleged, are claiming to be heirs of the deceased, and who, it is also alleged, are not her heirs. The

opponents to the appointment of the administratrix reiterated this demand and the cause of action, upon which it rests, in an opposition to the account of the administratrix, filed in the succession. The suit was considered with this opposition to the account. It is to this suit and opposition that the plea of res judicata is filed, which the trial court sustained, and which is now before us on appeal.

It seems to be clear that one of the objects of the suit to annul, as shown by the allegations and prayer thereof, is for the opponents to the appointment of the administratrix to have themselves decreed to be the sole heirs of the deceased to the exclusion of the administratrix and others, who are made parties defendant. The judgment of the lower court and that of this court, which reject plaintiffs' demand, necessarily recognize that the administratrix against whom the suit was brought in her individual capacity, and who alleges herself to be an heir, is one of the heirs, and therefore that plaintiffs, if heirs, are not the sole heirs; no other claimants as heirs being referred to than those mentioned in the petition and answer, among whom is the administratrix. The object of the suit to annul is, in its demand to have the plaintiffs therein recognized as the sole heirs of the deceased, identical with the present demand. The causes of action in the two proceedings are the same, and the two suits are between the same parties in the same capacities. It would therefore seem that the plea of res judicata is well founded. Civ. Code, art. 2286.

Opponents to the appointment of the administratrix and plaintiffs in the suit to an-

nul lay stress on the closing paragraph in the opinion in Succession of Raphael, 175 La. 715, 144 So. 429, wherein this court passed upon the suit to annul. Whatever pertinence the closing paragraph of that opinion may have to this case, it may be observed that the paragraph, excepting the decree, is merely obiter dictum. It was inserted as an assurance, to allay plaintiff's fears, that the decree about to be rendered therein would not preclude them from proving their heirship, but the paragraph in no manner suggests, when considered in its entirety, that plaintiffs therein will not be precluded from trying the issue again that they are the sole heirs, and that the administratrix is not an heir.

The judgment is affirmed.